IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROYLAND D. MUSE, )
)
Plaintiff. )
) Case No. 3:11-cv-01171
v. ) Judge Trauger/Brown
)
ROBERT ARNOLD, et al., )
)
Defendants. )
)

To: The Honorable Aleta Trauger, District Judge

## REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge is Defendant Kesha Wisdom's Motion for Summary Judgment/Motion to Dismiss, which was accompanied by a Memorandum, Statement of Facts, and Affidavit. (Docket Entries 36, 37, 38, 39). Plaintiff has not filed a Response to this Motion. For the reasons set forth below, the Magistrate Judge **RECOMMENDS** Defendant Wisdom's Motion be **GRANTED** and this action be **DISMISSED** against her.

## I. INTRODUCTION AND BACKGROUND

Plaintiff, a *pro se* prisoner as of the time of filing, filed this action on December 12, 2011, alleging Defendants violated his civil rights under 42 U.S.C. § 1983. Plaintiff seeks damages and injunctive relief. (Docket Entry 1). He claims he was assaulted and beaten by another inmate on March 10, 2011 while in custody at the Rutherford County Adult Detention Center ("RCADC"). He also alleges Defendants, including Defendant Wisdom, failed to provide adequate medical care following the assault.

1

II. LEGAL DISCUSSION

**A. Standard of Review for a Motion to Dismiss[1]**

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson v. Pardus*, 550 U.S. 89 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions." *Id. See also Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). In other words, a court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When viewing the complaint under the above standards, to survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56.

**B. Analysis**

---

[1] Because the Magistrate Judge believes this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), the Magistrate Judge has not considered any materials outside the pleadings.

Plaintiff's sole allegations against Defendant Wisdom are general allegations that he was denied proper medical care and that there was inadequate training of staff members in providing medical care. (Docket Entry 1). The Magistrate Judge is doubtful that these allegations, lacking as they are any specific facts, suffice to state a claim that survives a motion under Fed. R. Civ. P. 12(b)(6). Given the Plaintiff's *pro se* status, the Magistrate Judge will further consider these claims, even though Plaintiff has failed to respond to the pending Motion.

Plaintiff has brought his claims under 42 U.S.C. § 1983, alleging Defendant Wisdom violated his rights under the Eighth Amendment by providing him with inadequate medical care[2]. In order to prevail on such a claim, Plaintiff must show that he had a sufficiently serious medical need and that Defendant Wisdom acted with deliberate indifference to his serious medical needs, *i.e.*, that her indifference was so severe as to constitute the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-04 (1976). To prevail on such a claim, Plaintiff must prove that the decision to provide no or substandard medical care was deliberate or "knowing." It is not enough to show that the prisoner disagrees with the diagnosis and treatment provided by his physician. In other words, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id*. at 106. *See also Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Durham v. Nu'Man*, 97 F.3d 862, 868-69 (6th Cir. 1996). Here, Plaintiff has made no allegations that Defendant Wisdom provided or failed to provide medical care that would constitute "unnecessary and wanton infliction of pain." At the most, he has alleged Defendant Wisdom was negligent or committed malpractice.

---

[2] Doctors who serve prison populations as government contractors satisfy the state action requirement of 42 U.S.C. § 1983. *West v. Atkins*, 486 U.S. 42, 54-57 (1988).

Under Tennessee law, to prevail on a claim for medical malpractice, Plaintiff must provide expert evidence establishing Defendant Wisdom was negligent in providing medical care that caused Plaintiff's injury. *See* Tenn. Code Ann. § 29-26-115; *Seavers v. Methodist Med. Ctr. of Oak Ridge*, 9 S.W.3d 86, 92 (Tenn. 1999). *Hessmer v. Miranda*, 138 S.W.3d 241, 244 (Tenn. Ct. App. 2003). Plaintiff has made only the barest of allegations regarding his medical care or lack of medical care, far less than providing any expert evidence showing Defendant Wisdom's negligence. Therefore, to the extent Plaintiff has alleged a claim for medical malpractice against Defendant Wisdom, the Magistrate Judge believes those claims should be dismissed.[3]

### III. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** Defendant's Motion to Dismiss be **GRANTED** and all Plaintiff's claims against Defendant Wisdom be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this

---

[3] Because the Magistrate Judge believes Plaintiff's claims against Defendant Wisdom may be dismissed for failure to state a claim, the Magistrate Judge did not consider the Statement of Undisputed Facts and Affidavit filed by Defendant Wisdom. (Docket Entries 38, 39). It is worth noting, however, that the Affidavit of Defendant's supervising physician, John Daniel Rudd, M.D., reflects that Defendant Wisdom "complied with the applicable recognized standard of acceptable professional practice at all times care and treatment were provided to" Plaintiff. (Docket Entry 39). Plaintiff has provided no rebuttal evidence for that position. *See Hessmer*, 138 S.W.3d at 244 (noting, in the context of a prisoner pursuing a medical malpractice claim, that "[p]laintiffs who are unable to produce their own opposing expert affidavit face almost certain dismissal of their complaint because the defendant has effectively negated an essential element of their case.").

Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

Entered this 6th day of April, 2012.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge