# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

ROYLAND D. MUSE,                )
                                )
             Plaintiff,        )        No. 3:11-cv-01171
                                )        Judge Trauger
v.                              )
                                )
ROBERT ARNOLD, et al.,          )
                                )
             Defendants.       )

## O R D E R

The plaintiff, an inmate at the West Tennessee State Penitentiary in Henning, Tennessee, filed this *pro se, in forma pauperis* action under 42 U.S.C. § 1983, alleging that the defendants were deliberately indifferent to his serious medical needs and failed to protect him from violence at the hands of another inmate.   (Docket No. 1).

The court has before it a Report and Recommendation (R&R) by the Magistrate Judge entered on May 23, 2012 (Docket No. 85), recommending that defendant Wisdom's motion for summary judgment/motion to dismiss (Docket No. 36) be granted and all claims against defendant Wisdom be dismissed with prejudice.

The complaint alleges that defendant Wilson failed to provide adequate medical care to the plaintiff following an assault by another inmate while both inmates were in custody at the Rutherford County Adult Detention Center.  In his R&R, the Magistrate Judge found that the plaintiff alleges only that the defendant failed to provide the plaintiff with pain medication after the plaintiff sustained a laceration to his lip.  The Magistrate Judge found that the plaintiff made no allegations that defendant Wisdom failed to provide medical care resulting in "unnecessary and

1

wanton infliction of pain" on the plaintiff. (Docket No. 85 at p. 4). Thus, because the plaintiff could not establish that defendant Wisdom acted or failed to act with deliberate indifference to the plaintiff's serious medical needs, the Magistrate Judge found that the plaintiff could not prevail on his claim against defendant Wisdom. (*Id*. at pp. 3-4).

Further, the Magistrate Judge found that the plaintiff's allegations, "lacking as they are any specific facts," fail to state a claim of inadequate training or medical staff at the facility and, therefore, those claims as they relate to defendant Wisdom should be dismissed. (*Id*. at p. 3).

The Magistrate Judge concluded that, at most, the plaintiff has alleged that defendant Wisdom was negligent or committed medical malpractice by failing to provide adequate pain medication. (*Id*. at p. 4). However, the Magistrate Judge noted that the plaintiff had made "only the barest of allegations regarding his medical care of lack of medical care," and that, to the extent that the plaintiff has alleged claim for medical malpractice against defendant Wisdom, the claim should be dismissed. (*Id*.)

The plaintiff sought an extension of time within which to file objections to the Magistrate Judge's R&R (Docket No. 89), which the court granted (Docket No. 91). The plaintiff was given until July 16, 2012, to file his objections. (*Id*.) However, to date, the plaintiff has not filed any objections to the R&R.

During the extended time period for filing any objections to the R&R, the plaintiff filed a document entitled "Rebuttal for Claims for Damages Amount" (Docket No. 94), to which the defendants responded by filing a motion to strike, deny, or dismiss the plaintiff's "Rebuttal" (Docket No. 96). The court has reviewed the plaintiff's filing and finds that the document submitted by the plaintiff entitled "Rebuttal for claims for Damages Amount" was not intended to serve as the

2

plaintiff's objections to the pending R&R; it does not appear to address the Magistrate Judge's recommended rulings at all. Thus, even after having requested an extension of time to file them, the plaintiff has filed no objections to the pending R&R recommending the dismissal of the plaintiff's claims against defendant Wisdom.

However, the plaintiff did file a response to defendant Wisdom's motion to dismiss/motion for summary judgment (Docket No. 76), which the court has reviewed. In his response, the plaintiff alleges that genuine issues of material fact exist precluding summary judgment regarding whether defendant Wisdom failed to give the plaintiff any pain medicine for the laceration on his lip and whether defendant Wisdom failed to adequately train the medical staff regarding patient care. (*Id.* at p. 6). Further, the plaintiff alleges that genuine issues of material fact preclude summary judgment for the defendant Wisdom on the plaintiff's medical malpractice claim. (*Id.* at p. 2). However, as the Magistrate Judge noted, even assuming that it is true that defendant Wisdom failed to provide the plaintiff with pain medication in this instance, that failure does not constitute a deliberate indifference to the serious medical needs of the plaintiff. As to the other claims, the plaintiff has provided only the barest of allegations.

After reviewing the pleadings and the record *de novo*, the court agrees with the Magistrate Judge's analysis and recommendation and finds that all federal claims against defendant Wisdom should be dismissed with prejudice. The court finds that, to the extent that the plaintiff attempted herein to assert a state law medical malpractice claim against defendant Wisdom, the court declines to exercise supplemental jurisdiction over said claim, and that claim is dismissed without prejudice. 28 U.S.C. § 1367(a)(c)(3). Otherwise, the R&R is **ADOPTED AND APPROVED.**

3

The plaintiff's remaining claims against other defendants are set for a jury trial on May 21, 2013. (Docket No. 82).

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge