IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Royland D. Muse, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cv. No.   3:11-cv-01171 |
| ) | |
| Robert Arnold, et. al, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

**I.   INTRODUCTION AND BACKGROUND**

Royland Muse, ("Plaintiff") a pro se prisoner, filed this action on December 12, 2011, alleging that Defendants violated his civil rights under 42 U.S.C. § 1983. (Docket Entry ("DE") 1) According to Plaintiff, Defendants are liable for violating his Eighth Amendment right to humane conditions of confinement because they failed to protect him from serious injuries stemming from an attack by another inmate on March 10, 2011, when Plaintiff was in their custody at the Rutherford County Adult Detention Center. (DE 1)

In an order dated December 19, 2011, the Court construed Plaintiff's complaint to allege: 1) that Plaintiff was attacked and beaten by another inmate ("Eubanks") after he "had informed the jail staff that [Eubanks] had been threatening him but that the staff had not taken any measures to protect [Plaintiff];" 2) that the staff had "placed [him] 'into the hole' without needed medical attention" after the beating; 3) that Sheriff Arnold "had not trained his staff as to how to respond to medical and other emergencies;"[1] and 4) that "the jail is understaffed." According to Plaintiff, these factors constitute a failure on the part of Sheriff Robert Arnold and seven of his

---

[1]   By order dated August 3, 2012, the Court disposed of the medical claims by granting summary judgment in favor of Defendants. (DE 110)  As such, these claims are not considered for the purposes of this motion.

subordinates to protect Plaintiff, as is required by the Eighth Amendment to the United States Constitution. The following individuals are named in addition to Sheriff Arnold: 1) Lieutenant Chris Deal; 2) Sergeant Eldon Currey; 3) Deputy Steven Davis; 4) Deputy James Holloway; 5) Deputy Randall Miller; 6) Corporal Terry Parker; 7) Deputy Anthony Ross. (DE 1)

Subsequent to the Court's order, on April 9, 2013, well beyond the time for amendment as of right, Plaintiff filed a motion for leave to amend his complaint that was in reality an amended complaint. (DE 54) In the resulting order dated April 12, 2012, the Magistrate Judge noted multiple issues with Plaintiff's motion and directed Plaintiff to file two separate documents, a motion for leave to file an amended complaint and an amended complaint, "which are complete with all of the complaints and exhibits", either on or before April 30, 2012. (DE 59, p.3) Plaintiff failed to respond to the Magistrate Judge's order. As such, Plaintiff's claims for the purposes of the instant motion remain as originally construed.

The defendants have filed a Motion for Judgment on the Pleadings and for Summary Judgment (DE 140), to which the plaintiff has filed a Response (DE 177), the defendants have filed a Reply (DE 185), and both parties have made additional filings.

## II. ANALYSIS

### A. Standard of Review

The District Court's consideration of a motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *See Mellentine v. Ameriquest Mortg. Co.*, 515 Fed. Appx. 419, 424 (6th Cir. 2013). The District Court must determine if the non-moving party has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where the non-moving party has alleged insufficient facts to support a reasonable inference that the defendant is liable for the misconduct

alleged," the District Court must grant the motion. *Mellentine*, 515 Fed. Appx. at 424 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Alternatively, summary judgment is appropriate where there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Miller v. City of Calhoun County*, 408 F.3d 803, 812-13 (6th Cir. 2005) (quoting Fed. R. Civ. P. 56(c)). In deciding whether summary judgment is appropriate, the District Court must "draw all reasonable inferences in favor of the non-moving party" in its analysis of the pleadings, affidavits, and other submissions of the parties. *Sadie v. City of Cleveland*, 718 F.3d 596, 599 (6th Cir. 2013) (citing *Matsushita Elec. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Plaintiff's claims in the context of § 1983 must allege sufficient facts to establish: 1) that his Eighth Amendment rights to be free from "an excessive risk to inmate health or safety" were violated, and 2) that this deprivation was caused by a "state actor." *See Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2004)

**B. Grounds for Decision**

At the outset, the Court takes note of the time span between the instant motion and its consideration. Over the course of the last 18 months, Plaintiff's claims have become more clearly framed. As such, a motion for judgment on the pleadings is inappropriate and the Court has determined the motion under the standard for summary judgment.

While the Defendants have argued four different grounds for decision, the issues all turn on whether the Defendants are liable individually or in their official capacities, the procedures in place and used by the subordinates, and whether the staffing levels at the jail facility were adequate (DE 140-41). Plaintiff claims a violation of his Eighth Amendment right to be protected in the institutional setting. *Doe v. Bowles*, 254 F.3d 617, 621 (6th Cir. 2001) (citing

*Farmer v. Brennan*, 511 U.S. 825 (1970)).

It is axiomatic by now that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate" is a violation of one of the few basic constitutional rights an incarcerated individual retains after conviction. *Farmer*, 511 U.S. at 828. The question to be answered here is "whether [Sheriff Arnold and his Subordinates] act[ed] with deliberate indifference [and] exposed [Plaintiff] to a sufficiently substantial risk of serious damage to his future health." *Farmer*, 511 U.S. at 843. (*internal quotations and citations omitted*) Under the *Farmer* framework, "deliberate indifference" has both a subjective and an objective component.

Subjectively, prison officials, such as Defendants here, "must be aware of the facts from which the inference could be drawn that a substantial risk of harm exists." *Hamilton v. Eleby*, 341 Fed. Appx. 168, 171 (6th Cir. 2009) (citing *Farmer*, 511 U.S. at 832)). The issue of whether the Defendants were aware of the harm to Plaintiff is in dispute. (Plaintiff's Motion for Statement of Disputed Material Fact, DE 248-2, pp. 111-12 ¶4b; Defendant's Reply to Plaintiff's Motion for Statement of Disputed Material Fact, DE 254, p. 2-3, ¶4b) Yet, even assuming that Defendants were aware of some risk of harm to Plaintiff, his claims are still untenable under the *Farmer* standard.

Objectively, the threat of harm must be such that, when coupled with the facts as known, the prison officials actually draw the inference" that a substantial risk of harm exists to the inmate. The prison environment is a most inhospitable one, and the threat of harm is ever present, due to the presence of "persons with demonstrated proclivities for antisocial criminal, and often violent, conduct." *Farmer*, 511 U.S. at 833. Thus, "not every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Hamilton*, 341 Fed. Appx. at 171 (quoting *Farmer*, 511 U.S.

at 832). Only those threats that are both significant and *apparent* fall within the scope of Eighth Amendment protection.

In *Hamilton*, there were claims that members of the Aryan Brotherhood had "brutally assaulted Hamilton" for aiding authorities in the prosecution of a gang member for murder. *Hamilton*, 341 Fed. Appx. at 170. The assault left "Hamilton with impaired senses of smell, vision, hearing, and taste," and occurred after he was transferred to a different detention facility for his protection. *Id*. The threat of harm was clear to the *Hamilton* court, not only from Hamilton's wounds, but also from the "hit" put out on him, the gang's prior attacks on him, and a letter received by Hamilton claiming that was "a walking ghost." *Id.* at 169.

Like in *Hamilton*, Plaintiff claims to have been threatened by a member of the Aryan Brotherhood, but that is where the similarities end. (DE 1) Plaintiff was released from protective custody on December 8, 2010. (Plaintiff's Amended Aff., DE 248-2, pp. 6-7 ¶¶10-16; Defendants' Memorandum of Law in Support of Motion for Summary Judgment, DE 142, p. 3) The Plaintiff's voluminous Statement of Disputed Material Fact (DE 248) does not indicate, nor does Plaintiff assert, that he requested protective custody at any point during the three months leading up to the altercation.[2] (Plaintiff's Statement of Disputed Material Fact, DE 248-2, pp. 31-178)

Unlike in *Hamilton*, Plaintiff has not provided any evidence, other than his own allegations, that Eubanks threatened him. (Plaintiff's Motion for Statement of Disputed Material Fact, DE 248-2, pp. 31-178) Although Plaintiff appears to have included his entire grievance file from his stay at the Rutherford County Detention Center (Plaintiff's Statement of Disputed

---

[2] The Court "is not a pig[] hunting for truffles" in Plaintiff's filings. *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Although cautioned on multiple occasions, Plaintiff has repeatedly failed to cite to the record in support of his statements. (DE. 212, 216, 249) Plaintiff has apparently included his entire request history for protective custody within Plaintiff's Statement of Disputed Material Facts (DE 248), and a cursory review illuminates no further requests for protective custody beyond December 8, 2009.

5

Material Fact, DE 248-2, pp. 31-178), there are no reports of other acts of violence perpetrated by Eubanks against Plaintiff or other inmates of color. There are no affidavits of other inmates claiming to know of the threats to Plaintiff by Eubanks. Most importantly, Plaintiff initiated the altercation that caused his injuries.

In response to Plaintiff's discovery request dated March 13, 2013 (DE 198), Defendants submitted a copy of the detention center video surveillance recording that depicts the altercation between Plaintiff and the other inmate. (DE 224) The Court, as it is permitted, reviewed the contents of the recording and finds that it is consistent with the Defendants' assertions. *Scott v. Harris*, 550 U.S. 372, 378-79 (2007). Eight minutes into the video tape Plaintiff is seen entering the main community gathering area. Forty seconds later Plaintiff leaves a place of safety and runs up the stairs to confront Eubanks. Twenty seconds later, at approximately nine minutes into the footage, Plaintiff appears to draw back his arm and strike Eubanks.

The only indication that a substantial threat of harm existed to Plaintiff is his own "bare allegations," which are not sufficient to avoid summary judgment. *See Mitchell v. Toledo*, 964 F.2d 577, 582 (6th Cir. 1992) (noting that summary judgment should be granted where, after sufficient discovery, a plaintiff is "unable to produce sufficient evidence beyond the bare allegations of the complaint to support an essential element of his or her case.") The Court finds no evidence of an objective and substantial risk to Plaintiff. Plaintiff placed himself in a direct confrontation with Eubanks, and there is nothing in the record that shows any of the defendants could have anticipated this action by the plaintiff. The plaintiff was the architect of the confrontation, not the defendants.

6
Case 3:11-cv-01171   Document 264   Filed 09/24/13   Page 6 of 7 PageID #: 1884

An appropriate Order will enter granting the summary judgment to the defendants.

_____
Aleta A. Trauger
United States District Judge